UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS McHENRY,<br>Administrator of the Estate of Joseph<br>Jennings, Deceased,<br><br>                       Plaintiff,<br><br>v.<br><br>CITY OF OTTAWA, KANSAS, et al.,<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 16-2736-DDC<br>)<br>)<br>)<br>) |

### ORDER

The plaintiff, Chris McHenry, brings this Section 1983 excessive-force action against the City of Ottawa, Kansas, the Board of Commissioners for Franklin County, Kansas, and various law enforcement officers and deputies, arising out of the shooting death of Joseph Jennings.[1] The municipal defendants have filed a motion to continue a protective order issued by the District Court of Franklin County, Kansas in related probate litigation (ECF No. 25). For the reasons set forth below, the motion is granted.

By way of background, in the prior Franklin County probate litigation, the Estate of Joseph L. Jennings, Deceased ("the Estate"), the Kansas Bureau of Investigation

---

[1] Defendants City of Ottawa, Kansas, A.J. Schmidt, Justin Bulcock, Casey Gilmore, Doug Waterman, Bryce Hart, and Derek Butters are referred to collectively herein as "municipal defendants." Defendants Board of Commissioners for Franklin County, Kansas, Jesse Vega, Ricky Wilson, Hunter Dryden, and Dwayne Woods are referred to collectively herein as "county defendants."

("KBI"), the City of Ottawa, Kansas, and Franklin County Sheriff Jeff Richards approved a Stipulated Order for Production and Confidentiality of Documents in response to subpoenas issued by the Estate ("Stipulated Order"). Anticipating that plaintiff will seek to make public various records designated as "Confidential" under the Stipulated Order, the municipal defendants now seek to continue the Stipulated Order in the instant litigation. Plaintiff opposes the motion, citing the common-law right of access to judicial records. The county defendants have not filed any opposition to the instant motion.

Numerous records apparently were produced under the Stipulated Order, but it's unclear specifically which records the municipal defendants seek to protect and which records plaintiff seeks to make public. The parties' briefing refers to "internal documents" and "videos," but makes specific reference only to a video recording of the shooting recorded by a non-party witness and produced by the KBI. Regardless, whether to continue the Stipulated Order is a separate issue from whether any particular document is ultimately entitled to protection. Indeed, paragraph 8 of the Stipulated Order specifically contemplates challenges to confidentiality designations. Moreover, paragraph 9 provides:

> In the event an action is later filed against any of the Parties pertaining to the death of Joseph L. Jennings, the Parties agree that they shall submit to the Court a Confidentiality Order which contains terms consistent with this Confidentiality Agreement.[2]

Given the circumstances under which the records were produced in the probate litigation, the court finds good cause to continue the confidentiality provisions of the

---

[2] ECF No. 25-1.

Stipulated Order.  The ultimate protection afforded any particular document (or video) may be the subject of a subsequent motion.  More targeted motions will ensure a clearer record with respect to what's being challenged, and allow relevant non-parties (i.e., the KBI and aforementioned witness-recorder) an opportunity to be heard on public disclosure.

    IT IS SO ORDERED.

    February 27, 2017, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge
