IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS MCHENRY, Administrator of the Estate of Joseph Jennings, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF OTTAWA, KANSAS, et al.,<br><br>    Defendants. | Case No. 16-2736-DDC-JPO |

# MEMORANDUM AND ORDER

This matter comes before the court on two motions seeking to certify questions for interlocutory appeal under 28 U.S.C. § 1292(b). Defendants Board of Commissioners for Franklin County ("the Board"), Franklin County Sheriff's Deputy Jesse Vega, and former Franklin County Sheriff's Deputy Ricky Wilson ("Franklin Defendants") filed the first one (Doc. 47). Defendants City of Ottawa, Officers Abe Schmidt, Justin Bulcock, and Casey Gilmore ("Ottawa Defendants") filed the other one (Doc. 53). Plaintiff responded and does not object (Doc. 65). For reasons explained below, the court grants both motions.

I.  **Procedural Background**

This lawsuit arises from Joseph Jennings's death when Ottawa City Police Officers Abe Schmidt, Justin Bulcock, Casey Gilmore, and Franklin County Sheriff Deputies Jesse Vega and Ricky Wilson shot him. Chris McHenry, the administrator of Mr. Jennings's Estate and his heir, plaintiff, filed suit against defendants in response. Count IV of the Complaint alleges the Board and the City of Ottawa violated the American with Disabilities Act ("ADA") and the

Rehabilitation Act.[1]  Doc. 21 at 18.  Specifically, plaintiff alleges the Board and the City of Ottawa through their officers and deputies failed to accommodate Mr. Jennings's disability and incorrectly perceived the effects of Mr. Jennings's disability as illegal conduct.  Doc. 21 ¶ 87.  The Franklin Defendants moved for judgment on the pleadings against the ADA claim and the Ottawa Defendants moved to dismiss the ADA claims, arguing that the ADA does not apply to arrests, Mr. Jennings failed to request accommodation, the Board did not control the Deputies, and Mr. Jennings was not a "qualified individual" under the act.

In its September 26, 2017 Memorandum and Order, the court held that these arguments did not warrant dismissal under Federal Rules of Civil Procedure 12(b)(6) and 12(c).  Doc. 46 at 23–25.  The court predicted the Tenth Circuit would apply the ADA to arrests and that the allegations, as pleaded in the Complaint, could support findings that Mr. Jennings did not need to request an accommodation, the Board controlled the Deputies, and Mr. Jennings was a qualified individual.  *Id.*  Defendants now ask the court to certify this issue for appeal.  Docs. 47, 53.

As a matter of right, defendants have appealed the court's holding that the individual defendants who fired their service weapons are not entitled to qualified immunity based on the pleadings alone (Docs. 49, 55).  Plaintiff has responded with a motion for judgment asking the court to enter final judgment in favor of the officers at the scene who did not fire their service weapons so that he can appeal the court's decision dismissing the non-shooting officers (Doc. 64).  The Tenth Circuit has abated all appeals until the court decides this certification motion and has ordered the parties to notify the Circuit when the court does so.  Doc. 61.  The Circuit also requested the parties provide within 30 days, a status report advising of the status of the certification motion.  *Id.*

---

[1]  Because both of these laws prohibit the same conduct, the court will refer to them collectively as "the ADA."  *See Sudac v. Hoang*, 378 F. Supp. 2d 1298, 1303 (D. Kan. 2005).

## II. Legal Standard

Generally, the courts of appeals only have jurisdiction to hear appeals from a district court's final decision. 28 U.S.C § 1291. But, 28 U.S.C. § 1292 authorizes those courts to hear certain interlocutory appeals. One permissible category of interlocutory appeal consists of decisions certified by a district judge. A district judge may certify an interlocutory order when the judge is of the opinion that (1) the district court's order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may advance the ultimate termination of the litigation materially. *Id.* § 1292(b). The court retains discretion to certify an interlocutory order for appeal under § 1292(b). *Id.* Such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision[s] of controlling questions encountered early in the action." *Utah by & through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994). District courts have discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal. 28 U.S.C. § 1292(b).

## III. Discussion

### A. Interlocutory Appeal

#### 1. Controlling Question of Law

Defendants argue that the court should certify for appeal this question: "Whether the Board can be held responsible for violating Title II of the ADA based upon the on-the-scene conduct of Deputies Vega and Wilson during their August 23, 2014 encounter with Joseph Jennings." Doc. 48 at 11. The Franklin Defendants also argue that this question be divided into subparts. The court declines to certify the suggested sub-parts but does conclude it is appropriate

to certify an issue using slightly different phrasing: Whether plaintiff has pleaded a violation of Title II of the ADA against the Board and the City of Ottawa. This issue presents a controlling question of law because the answer to this question will determine if plaintiff's ADA claim ends here or will move forward for discovery. This question also limits the court of appeal's inquiry to a legal one.

### 2. Substantial Ground for Difference of Opinion

For the court to find a substantial ground for difference of opinion, the court must see a difficult, novel question that is guided by little precedent. *Farmer v. Kan. State Univ.*, No. 16-CV-2256-JAR-GEB, 2017 WL 3674964, at *3 (D. Kan. Aug. 24, 2017). This standard requires the certification's movant to present a colorable argument to support its position. *Rural Water Dist. No. 4 v. City of Eudora, Kan.*, 875 F. Supp. 2d 1260, 1274 (D. Kan. 2012), *rev'd in part on others grounds* 720 F.3d 1269 (10th Cir. 2013). That an issue presents a question of first impression is not, by itself, sufficient. *Farmer*, 2017 WL 3674964, at *3. Nor will contradictory case law—by itself—qualify a case for certification. *Id.*

The court recognized in its opinion that the Supreme Court and the Tenth Circuit have not directly addressed whether Title II of the ADA applies to on-the-street encounters with law enforcement. Doc. 46 at 24. The Supreme Court, however, appears to have some doubts whether Title II applies to such encounters. *See City & Cty. of S.F., Cal. v. Sheehan*, 135 S. Ct. 1765, 1773 (2015). The circuits, for their part, disagree about the correct test to apply. *Compare Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1084 (11th Cir. 2007) *with Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000) *and Thompson v. Williamson Cty., Tenn.*, 219 F.3d 555, 558 (6th Cir. 2000). The court thus finds that substantial grounds exist for a difference of opinion on the

question whether plaintiff has pleaded a viable claim that the Board and the City of Ottawa violated the ADA.

### 3. Advancement of Ultimate Termination of Litigation

The court finds that answering the certified question will advance the ultimate termination of the litigation. If the Tenth Circuit holds that the ADA does not apply as pleaded by plaintiff, then that claim will end and possibly spare the parties needless, costly litigation. Conversely, even if the Tenth Circuit holds plaintiff's Complaint sufficiently alleges an ADA violation, the Tenth Circuit might provide guidance on such a claim. This guidance would help parties focus their discovery requests and save litigation expense. The court thus finds answering the certified question would advance the ultimate termination of the litigation.

## B. Stay of Discovery

Section 1292(b) provides that an interlocutory appeal does not stay proceedings in the district court "unless the district judge or the Court of Appeals or a judge thereof shall order." The court has discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal. *Farmer*, 2017 WL 3674964, at *6. Because the court finds that the interlocutory appeal may materially advance the termination of this litigation and other claims in this suit are being appealed already, the court stays this action pending appeal.

## IV. Conclusion

The court finds there is a controlling question of law on which there is a substantial ground for differing opinions that would advance the ultimate termination of the litigation. The court thus grants the Franklin Defendants' and Ottawa Defendants' Motions to Certify for Interlocutory Appeal and Stay (Docs. 47, 53).

**IT IS THEREFORE ORDERED BY THE COURT THAT** that the Franklin Defendants' and Ottawa Defendants' Motions to Certify Order for Interlocutory Appeal and Stay (Docs. 47, 53) are granted. The court certifies its previous Memorandum and Order (Doc. 46) for interlocutory appeal to determine the following controlling question of law: Whether plaintiff has pleaded a violation of Title II of the ADA.

**IT IS FURTHER ORDERED BY THE COURT** that the case is stayed until either the time for defendants to file an interlocutory appeal under 28 U.S.C. § 1292(b) expires or until the Tenth Circuit finally disposes of such an appeal, whichever is later.

**IT IS SO ORDERED.**

**Dated this 20th day of October, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**